UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
|  | **ORDER** |
|---|---|
| | 17-cv-5606 (SJF)(SIL) |
| | 17-cv-5630 (JS)(SIL) |
| | 17-cv-5631 (ADS)(SIL) |
| | 17-cv-5633 (DRH)(SIL) |
| | 17-cv-5634 (ADS)(SIL) |
| | 17-cv-5635 (ADS)(SIL) |
| | 17-cv-5637 (ADS)(SIL) |
| | 17-cv-5638 (DRH)(SIL) |
| IN RE STRIKE 3 HOLDINGS, LLC | 17-cv-6713 (SJF)(SIL) |
| ADULT FILM COPYRIGHT | 17-cv-6714 (ARR)(SIL) |
| INFRINGEMENT CASES | 17-cv-6719 (SJF)(SIL) |
| | 18-cv-0689 (JS)(SIL) |
| | 18-cv-0691 (JFB)(SIL) |
| | 18-cv-0692 (SJF)(SIL) |
| | 18-cv-0693 (ADS)(SIL) |
| | 18-cv-0694 (SJF)(SIL) |
| | 18-cv-0695 (ADS)(SIL) |
| | 18-cv-0696 (ADS)(SIL) |
| | 18-cv-0697 (SJF)(SIL) |
| | 18-cv-0698 (JS)(SIL) |

------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

These copyright infringement actions were commenced by Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") against various unnamed defendants (the "Doe Defendant(s)"), who have as yet only been identified by the Internet Protocol ("IP") addresses allegedly associated with them. Presently before the Court in each such case is a motion for expedited discovery under Federal Rule of Civil Procedure 26(d)(1), seeking permission to serve subpoenas upon various Internet Service Providers ("ISPs") to obtain the true identity of each Doe Defendant. For the reasons

1

set forth herein, the motions, which are materially indistinguishable, are granted, subject to a protective order as set forth more fully below.

## I. Background

The following facts are drawn from the Complaint and declarations filed in the action styled *Strike 3 Holdings, LLC v. John Doe*, bearing case number 17-cv-5606 (SJF)(SIL). The allegations in that case are virtually identical to those asserted in each of the actions identified in the caption above.[1] Thus, the Court uses this common set of facts in reaching its decision on all 20 pending motions, and, despite providing internal references only to the docket relating to case number 17-cv-5606 (SJF)(SIL), the Court refers to the Doe Defendants and the ISPs implicated in all 20 motions collectively throughout this Order.

Strike 3 owns the copyrights to adult movies distributed under the "Blacked," "Tushy," and "Vixen" brands both online and on DVD.[2] *See* Complaint for Copyright Infringement (the "Complaint" or "Compl."), Docket Entry ("DE") [1], ¶ 3; Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Lansky Decl."), DE [5-2], ¶ 3. Plaintiff operates subscription-based websites with some of the highest paid subscriber bases

---

[1] The Complaints in each of the above-captioned actions also contain allegations that are markedly similar to those asserted by Malibu Media, LLC ("Malibu Media") in a number of matters that were previously, or are currently, pending in this District (collectively, the "Malibu Media Matters"). *E.g.*, *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL) (closed); *Malibu Media, LLC v. John Doe*, No. 17-cv-6890 (SJF)(SIL) (pending). In such cases, Malibu Media filed, and this Court granted, motions for expedited discovery analogous to those submitted in these matters commenced by Strike 3. *E.g.*, *Malibu Media, LLC v. John Doe*, No. 17-cv-6890 (SJF)(SIL), DEs [7], [10].

[2] Strike 3 alleges that the copyrights at issue are registered with the United States Copyright Office. *See* Compl. ¶ 30.

of any adult site in the world and also licenses its movies to popular broadcasters. *See* Compl. ¶ 13. Strike 3's websites have approximately 20 million unique visitors per month and its DVDs are the number-one selling products of their type in the United States. *See id.*; Lansky Decl. ¶ 10.

According to Plaintiff, its movies are among the most pirated adult content in the world. *See* Compl. ¶ 16. Strike 3 alleges that the Doe Defendants and many other individuals or entities use "BitTorrent" to illegally download and distribute its copyrighted movies. *See id.* ¶ 23. BitTorrent is "a system designed to quickly distribute large files over the Internet" by allowing its users to "connect to the computers of other . . . users in order to simultaneously download and upload pieces of the file[s] from and to" each other. *Id.* ¶ 17. To use BitTorrent to download a movie, a user must obtain a "torrent file," which contains instructions for both identifying the IP addresses of other users who have the movie and downloading the movie from such users. *See id.* ¶ 18. Each piece of a BitTorrent file is assigned a "cryptographic hash value" that acts as the file's unique digital fingerprint. *See id.* ¶¶ 20, 21. The complete digital media file likewise has a unique cryptographic hash value. *See id.* ¶ 22.

After discovering that its content was being distributed and downloaded via BitTorrent, Plaintiff hired IPP International UG ("IPP")—a German company that provides forensic investigation services to copyright owners—to monitor and record online infringement of its movies. *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference

("Fieser Decl."), DE [5-3], ¶¶ 3, 4. Using its forensic software, IPP can identify IP addresses that are being used by infringers to distribute copyrighted works within the BitTorrent file distribution network. *Id.* ¶ 5. During the course of its investigation in connection with the subject cases, IPP established a direct connection with each Doe Defendant's IP address while he or she was using the BitTorrent network. *See* Compl. ¶ 24; Fieser Decl. ¶ 7. IPP then analyzed the BitTorrent pieces being distributed by each Doe Defendant—as well as full copies of the digital files being transferred—and determined, by reference to the files' cryptographic hash values, that each Doe Defendant had distributed full digital movie files containing content that is identical or substantially similar to Strike 3's copyrighted movies. *See* Compl. ¶¶ 25-29; Fieser Decl. ¶¶ 7-11.

Plaintiff also hired SecondWave Information Systems ("SecondWave"), a technology consulting firm specializing in information systems and technology integration, to individually analyze and retain forensic evidence obtained by IPP. *See* Declaration of Jeff Fischbach in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, DE [5-4], ¶¶ 3, 8. Using a program called "Wireshark," SecondWave's president, Jeff Fishbach ("Fishbach"), confirmed certain of IPP's findings pertaining to the alleged infringements and ascertained the ISP associated with each Doe Defendant's IP address. *See id.* ¶¶ 3, 10, 11. According to Fishbach, "a subpoena to an ISP is consistently used by civil plaintiffs and law enforcement to identify a subscriber of an IP address." *Id.* ¶ 12.

By the instant motions, Strike 3 seeks to uncover the true identities of the Doe Defendants by tracing the IP addresses implicated in the alleged infringement (*i.e.*, the BitTorrent downloading) to the particular individual(s) or entitie(s) to which the IP addresses are registered. To that end, Plaintiff seeks permission to serve Rule 45 subpoenas on various ISPs—those allegedly responsible for providing internet access to the Doe Defendants and maintaining identifying subscriber information regarding the Doe Defendants—which command them to disclose to Strike 3 each Doe Defendant's true name and address.

## II. Legal Standard—Good Cause

"Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), courts may in some instances order earlier discovery." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)). Courts in this District and in the Southern District of New York generally require a showing of "good cause" in order to permit expedited discovery prior to a Rule 26(f) conference. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing *Ayyash v. Bank Al—Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)); *see also Malibu Media, LLC v. Doe*, No. 15-CV-1883, 2015 WL 1780965, at *2 (S.D.N.Y. Apr. 10, 2015) (applying "the flexible standard of reasonableness and good cause," adopted in *Ayyash*, *supra*). "[I]n deciding a matter merely of regulating the timing of discovery, 'it makes sense to examine the discovery request . . . on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Ayyash*,

233 F.R.D. at 327 (emphasis in original) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).

**III. Analysis**

On September 28, 2015, a Doe Defendant in the action styled *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL) filed a motion to quash a subpoena Malibu Media served on that Doe Defendant's ISP that is analogous to the subpoenas Strike 3 currently seeks leave to serve in these cases. *Compare* Doe Defendant's Motion to Quash Subpoena, *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), DE [10], *with* MOTION for Leave to File Miscellaneous Relief prior to Rule 26(f) Conference, *Strike 3 Holdings, LLC v. John Doe*, No. 17-cv-5606 (SJF)(SIL), DE [5]. In that case, this Court concluded that good cause existed to allow for the expedited discovery provided for in the July 29, 2015 Discovery Order in that matter. *See Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), Discovery Order, DE [9]; *id.*, Memorandum and Order (the "August 23, 2016 Memorandum and Order"), DE [36]. Here, because the factual circumstances, legal issues, and materials submitted in support of Strike 3's motions are substantially similar to those in the Malibu Media Matters, the Court incorporates the reasons set forth in the August 23, 2016 Memorandum and Order into this Order, and concludes that good cause exists to allow for the expedited discovery sought by Strike 3. Accordingly:

**IT IS ORDERED** that Strike 3 may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena(s)") on the ISP specifically identified in the Complaint in each above-captioned matter, to obtain **only** the name and address of the internet subscriber(s) associated with the IP address also

6

identified therein.  Under no circumstances is Strike 3 permitted to seek or obtain any Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than those whose IP address is specifically identified in each Complaint, without a further Court order.  Each such Subpoena shall have a copy of this Order attached; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address, but **shall not** immediately disclose such information to Strike 3.  Rather, within 60 days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address.  This measure is appropriate to place the subscriber(s) on fair notice of Strike 3's efforts to obtain his or her identifying information, and his or her right to contest the Subpoena or litigate it anonymously.  In this regard, service by the ISPs upon any of the Doe Defendants may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives a copy of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously.  **The ISP may not disclose any Doe Defendant's identifying information to Strike 3, or its employees or agents, at any time before the expiration of this 60-day period.**  Additionally, if a Doe Defendant or ISP files a motion to quash the Subpoena, the ISP **may not** turn over any information to Strike 3, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of ten days to produce the information responsive to the Subpoena to Strike 3 or file its own motion to quash if it so chooses.  In the event a Doe Defendant or ISP moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's contact information to Strike 3, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein. If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to the Subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in each Complaint; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

Dated:     Central Islip, New York
           April 9, 2018           **SO ORDERED:**

                                                  s/ Steven I. Locke
                                                  STEVEN I. LOCKE
                                                  United States Magistrate Judge